# Kelly *v.* Fidelity Mutual Life Association of Philadelphia.

*Insurance—Life insurance—Forfeiture of policy.*

Where a policy of life insurance provides for payment of premiums for twenty years, and that a portion of each premium shall be applied to a fund termed the advance insurance fund, and that after the policy has been in force three years and it is legally surrendered at an anniversary of the date of its issue, the advance insurance fund may be withdrawn or exchanged for a paid policy, or may be exchanged for extended insurance, the beneficiary, in an action upon the policy cannot, as an answer to the claim of the company that the policy had been forfeited for nonpayment of premiums, allege that the advance insurance fund was sufficient to extend the face value for more than ten years after the date of the failure to pay premiums, if it appears that the policy had not been surrendered legally at any anniversary of the date of its issue, or at any other time, and that no request had ever been made to the company for a paid up policy, or extended insurance, or for the withdrawal of the advance insurance fund.

Argued Oct. 24, 1900. Appeal, No. 113, Oct. T., 1900, by defendant, from order of C. P. No. 3, Allegheny Co., May T., 1900, No. 636, on rule for judgment for want of a sufficient affidavit of defense in case of Isabella Kelly v. The Fidelity Mutual Life Association of Philadelphia. Before McCOL-LUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Assumpsit on a policy of life insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The material provisions of the policy and the material averments of the affidavit of defense are set out in the opinion of the Supreme Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*L. K. Porter*, with him *S. G. Porter*, for appellant.—Before a party can recover on any instrument he must first bring himself within the terms of the same, and this the plaintiff has wholly failed to do: Smith v. National Life Ins. Co., 103 Pa. 177.

*Francis S. Bennett*, for appellee.

OPINION BY MR. JUSTICE POTTER, January 7, 1901:

The error assigned in this case is the order of the court below making absolute a rule for judgment for want of a sufficient affidavit of defense; and the only question is, therefore, whether the averments contained in the affidavit of defense are sufficient to prevent a summary judgment.

This suit was brought by Isabella Kelly, the beneficiary in a policy of insurance issued by the Fidelity Mutual Life Association of Philadelphia, Pa., on June 7, 1882, upon the life of Bernard Kelly in the sum of $5,000. The consideration of the contract, apart from the representations made in the application, was the sum of $77.50 in hand paid, and the semiannual payment of a like sum on or before the 7th day of June and December, in every year, for the period of twenty years from the date of the policy. This semiannual payment of $77.50 was divided into two parts, the sum of $34.40 being for the mortuary and general funds, and $43.10 being for what was termed the advance insurance fund.

The body of the policy contained the following provision with regard to forfeiture: "Provided any moneys required to be paid under this policy during the continuance of this contract, must be actually paid when due to the said association, and no dues or premiums on this policy shall be considered paid unless a receipt shall be given therefor, signed by the president and treasurer and countersigned by the agent or person to whom payment is made, as evidence of such payment to him: otherwise this policy shall be ipso facto null and void, and all

moneys paid hereon except as hereinafter provided, shall be forfeited to the said association."

The policy contained the further provision as follows : " Provided also that after this policy has been in force three years from its date and it is legally surrendered at any anniversary of the date of its issue, the advance insurance fund with its accredited share of interest accumulations, subject to the laws of the state in which the member resides, may be withdrawn by the member, or it may be exchanged for a paid policy, that shall represent the proportion of the amount of this policy which the number of full years' premiums paid bears to the total number required ; or may be exchanged for extended insurance. Such paid policy, extended insurance or this policy after the number of payments required hereunder has been made, shall, subject to the conditions endorsed hereon, be maintained from the advance insurance fund."

A slip attached to the policy contained the following provision : " In case of the legal surrender of said policy at any of the anniversaries of the date of issue after its third year, subject to its terms and conditions and the laws of the state in which the insured resides, the Fidelity Mutual Life Association hereby agrees to allow the insured the option of either (*a*) extended insurance, (*b*) paid insurance or, (*c*) the withdrawal of the advance insurance fund and the interest accretion thereon indicated in the following table."

The statement of claim filed by the plaintiff averred the issue of a policy payable to plaintiff, and the death of the insured, Bernard Kelly, on January 14, 1900, the application by plaintiff, who was the beneficiary named in the policy, for payment of the sum due thereunder to her, and set out the reply, received from the company, stating that the policy upon which suit is brought had been forfeited and canceled.   The statement further averred that thirteen semiannual payments of the premiums had been made by the insured upon the policy, and admitted that at the date of the death of the insured, there was default in the payment of two such semiannual payments or for a period of one year, one month and fourteen days.   It was then alleged that the advance insurance fund apportioned to this policy was sufficient to extend the face value for more than ten years ; and the death of the insured, having occurred within said period,

the company was indebted to the plaintiff for the face value of the policy, less the amount of a note given for money borrowed by the insured upon said policy, and three semiannual instalments of premiums.

The affidavit of defense filed on behalf of the company admitted the issuance of the policy and cited its provisions with regard to forfeiture for nonpayment of premiums, and averred that as a matter of fact the premium due and payable December 7, 1898, was not paid, whereupon the policy became null and void.

It further averred that on December 15, 1898, in accordance with the terms as set forth in the policy, providing for reinstatement, the policy was by the furnishing of a health certificate and the execution of a note for the sum of $163.25, payable in sixty days after date, actually reinstated; this note also contained the stipulation that if not paid at maturity the policy for which it was given should be ipso facto null and void; and it was alleged that as a matter of fact this note was not paid when due, and has never been paid, and that therefore the policy upon February 10, 1899, again lapsed and became null and void; and that said policy has never been reinstated or revived since that date.

In answer to the averment in the statement of claim, that the advance insurance fund apportioned to this policy was applicable to the extension or keeping alive of the policy, the affidavit of defense quotes the provision of the policy in this respect, which is, " that after this policy has been in force three years from its date, and it is legally surrendered at an anniversary of the date of its issue, the advance insurance fund," etc., may be withdrawn or exchanged for a paid policy or may be exchanged for extended insurance.   It is then averred that the policy was not surrendered legally, or otherwise at any anniversary of the date of its issue, or at any other time, and that no request was ever made to the defendant by the insured or by any other person for him, or on account of said policy, for a paid policy or extended insurance or for the withdrawal of the advance insurance fund.

These averments of fact amount to a substantial defense to the plaintiff's claim.   The court below seems to have overlooked that provision of the policy which makes its legal surrender at

an anniversary of the date of its issue after three years from its date a prerequisite to the exercise by the member of any of the options set forth in the policy; that is to receive extended insurance or paid insurance, or to withdraw the advance insurance fund in cash. Some confusion seems to have been caused by the use of the words, " or this policy " in connection with the extended insurance, but a careful reading of the whole policy shows clearly that the purpose of the advance insurance fund was to carry the policy after the completion of the entire number of payments required, which in no event would exceed twenty years. If the full number of payments were made, then the advance insurance fund would carry the policy for the entire life of the insured. If the policy were legally surrendered in accordance with its terms prior to the completion of the full number of payments, then the advance insurance fund would serve to carry the face value of the policy during the extended period as stated in the table; if the insured chose to accept that option, rather than to take a paid up policy, or withdraw the cash. There is nothing to justify the conclusion that the amount in the advance insurance fund was to be automatically applied to keeping the policy of insurance alive by virtue of the mere fact of the policy having been allowed to lapse.

It only remains to say that an examination of the " statement of claim " and of the " affidavit of defense," leads us to the conclusion that the case as herein presented is not one in which judgment should have been entered for want of a sufficient affidavit of defense.

Judgment reversed and the record remitted with a procedendo.