## Mariano et al. v. Ringold

*Anthony J. Ciotola* and *Ben R. Jones, Jr.*, for plaintiffs.

*Frank J. Gormley*, for defendant.

FLANNERY, J., for court en banc, March 24, 1948.—
The premises at No. 75 South Washington Street,
Hazleton, consist of a dwelling house with a store in
front. It was under verbal lease from month to month to
one Fannie Ringold, also known as Florence Ringold,
and on December 10, 1947, proceedings were instituted
for the recovery of possession by the landlords, Dominic
Mariano and Edward Tarone, before Oliver Gicking,
alderman and justice of the peace of the City of Hazleton.

After hearing, the alderman, on December 22, 1947,
entered judgment in favor of plaintiffs and against
defendant for the storeroom, the commercial part of the
premises, and on January 12, 1948, said defendant obtained a writ of certiorari, which was duly served upon
the justice, who thereupon certified his record to this
court for appropriate action.

The rules of the court of common pleas provide
"Exceptions to the record or proceeding shall be filed
and a copy thereof served upon the opposite party, or
his attorney, at least ten (10) days before the day fixed
for argument; provided, that in case diminution of
the record is suggested, exceptions to the amended return shall be filed at least ten (10) days prior to the

day fixed for argument, and in default of exceptions being filed as aforesaid, the proceedings shall be affirmed as of course": Rule 8 (F).

It became the duty of appellant, therefore, to file her exceptions in compliance with this rule—otherwise the proceedings to be affirmed.

No exceptions were filed here by appellant so far as the record reveals but since counsel for appellees did not raise the question but proceeded to argument we can only conclude that the rules of court have been waived and the record is before us generally without specification as to particular error. Appellees, however, in their behalf filed exceptions to the proceedings under rule 8(A).

"(a) Said bond was not approved by the prothonotary, or his chief deputy;

"(b) The said surety does not give the location of the real estate, the deed book, page, or other specific information as to the acquisition of the real estate;

"(c) The bail so given has not been noted upon the writ of certiorari."

Rule 8(A) provides:

"No *certiorari* shall be a supersedeas unless good and sufficient bail shall be given to the opposite party, conditioned that the same shall be prosecuted with effect. Said bail, individual, corporate, or cash, shall be approved by the prothonotary or his chief deputy. The surety shall give the location of the real property and the deed book and page, or other specific information as to the acquisition of the real estate. When bail shall be so given, the prothonotary shall note it upon the writ. A *certiorari* shall not be a supersedeas when execution has been fully completed."

This rule does not determine the validity of the proceedings but only whether or not the writ shall be a supersedeas. Counsel for the appellant says in his brief:

". . . This *certiorari* is not supersedeas and the proceedings will not be stayed pending the decision in the Common Pleas by the mere taking of the same, . . ."

Hence there is no quarrel between the parties here and no issue is raised by this phase of the matter. We are left, therefore, to the general question as to the validity of the proceeding before the alderman.

It is to be noted that no effort is being made to evict the tenant from the living or dwelling quarters and, accordingly, neither the Emergency Price Control Act of 1942 nor the rent regulations promulgated thereunder apply. But where a single lease covers a structure used for a residence and a business, is such a contract divisible so that a judgment of eviction for one part can be sustained?

"The entirety of a contract depends on the intention of the parties and not on the divisibility of the subject. The severable nature of the latter may often assist in determining the intention, but will not overcome the intent to make an entire contract when that is shown": M. D. Easton et al. v. L. M. Jones, 193 Pa. 147 (syllabus).

Apparently the alderman here found that the contract was divisible and proceeded accordingly.

We cannot disturb that conclusion without reviewing the merits which are not before us in this proceeding. It is true that the lower courts of this State have held that a leasehold covering buildings or structures, in which business and dwelling uses are combined, is severable: Madish et al. v. Dornburg, 58 D. & C. 55. And also that such a contract is not severable: Spruce Realty Co. v. Fisgaer, 57 D. & C. 638; Bria et ux. v. Isaacman, 51 D. & C. 368.

But the fundamental principle of divisibility is recognized by all authorities, that is, the contract may be entire or it may be divisible depending on its terms, its subject matter, and the intention of the parties. In each case the merits dictate the conclusions. See the

cases cited and A. L. I. Restatement of the Law of Contracts, 135, §266.

We must assume that the merits dictated the conclusions of the alderman in this case but the merits are not before us, the facts are not to be retried on a writ of certiorari and,

Writ dismissed and judgment of alderman affirmed.