# Farmers & Breeders Mutual Reserve Fund Live Stock Ins. Co., Appellant, v. Miller.

*Insurance—Live stock insurance—Failure to pay loss—Premiums—Rescission—Cancellation—Time of suit.*

1. In a mutual policy of insurance, the refusal, without right, to pay loss occurring under a policy of insurance, may, at the option of the insured, be treated as an avoidance or rescission of the contract, and entitle the insured to recover damages for such repudiation.

2. Where a policy of insurance provides that an insurer shall, within sixty days approve the loss, if the company fails to act on a claim for loss within that time, it will be deemed to have abandoned or waived this feature of its contract.

3. An insurance company which collects a stipulated amount

348   FARMERS & B.M.R.F.L.S. INS. CO., Appel., v. MILLER.

quarterly for the insurance on eight separate horses, under one policy, cannot obtain judgment for want of a sufficient affidavit of defense for premiums alleged to be due, when the company itself has failed to pay a loss due on the policy, when the policy was in full force and effect, and the insured has notified the company that he had elected to cancel the policy.

Argued Nov. 8, 1916. Appeal, No. 228, Oct. T., 1916, by plaintiff, from order of C. P. No. 1, Philadelphia Co., March T., 1916, No. 684, discharging rule for judgment for want of a sufficient affidavit of defense in case of Farmers & Breeders Mutual Reserve Fund Live Stock Insurance Company of the United States v. Adolph G. Miller.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit to recover premiums on a policy of insurance covering eight horses.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*W. W. Mentzinger, Jr.,* for appellant.—That there was no default by the plaintiff corporation under the terms of the policy in suit: Cornelius v. The Bank, 15 Pa. Superior Ct. 88; Susquehanna Mut. Fire Ins. Co. v. Oberholtzer, 172 Pa. 223; Kramer v. Boggs, 5 Pa. Superior Ct. 394; Tanner v. Fox, 21 Pa. Dist. Ct. 1030; Farmers & Breeders Mut. Reserve Fund Live Stock Ins. Co. v. Derr, 59 Pa. Superior Ct. 600; Quaker City Mut. Fire Ins. Co. v. Notter, 15 Pa. Superior Ct. 596; Stockley v. Riebenack, 12 Pa. Superior Ct. 169; Schofield v. Leach, 15 Pa. Superior Ct. 354; Davison v. London & Lancashire Fire Ins. Co., 189 Pa. 132; International Sav. & Tr. Co. v. Tillotson, 34 Pa. Superior Ct. 521. ·

The sale of the animals is not sufficient to relieve the defendant from the payment. of the premiums, subsequently accruing: Susquehanna M. F. Ins. Co. v. Leavy, 136 Pa. 499.

*W. Horace Hepburn,* for appellee.—A loss due the defendant on a policy of insurance which has not been paid, is a good defense for premiums not being paid: Columbia Life Ins. Co. v. Bean, 113 Mass. 541; Osgood v. Degaroot, 36 N. Y. 348; Columbia Ins. Co. v. Masonheimer, 76 Pa. 138.

The defendant contends that it is not necessary for him to annex to his affidavit of defense the proofs of loss which were filed with the plaintiff. The plaintiff has entire charge and control of them. The proofs of loss are not evidence against the defendant by themselves: Rosenberg·v. Firemen's Fund Ins. Co., 209 Pa. 336; Baldi v. Metropolitan Life Ins. Co., 30 Pa. Superior Ct. 213.

OPINION BY KEPHART, J., December 18, 1916:

This action was brought to recover insurance premiums on policies covering live stock. The court below refused to enter judgment for want of a sufficient affidavit of defense and in so doing we do not think it committed error. The substantial defense presented by the affidavit is the claim that by reason of the plaintiff's breach of contract in its failure to perform by paying the amount due for the loss of an animal the plaintiff cancelled and annulled the policy and that all rights of plaintiff thereunder ceased and determined. The refusal without right to pay loss occurring under a policy of insurance may at the option of the insured be treated as an avoidance or rescission of the contract and entitle the insured to recover damages for such repudiation. See American Life Ins. Co. v. McAden, 109 Pa. 399; Kerns v. The Prudential Ins. Co., 11 Pa. Superior Ct. 209. Failure to pay when due will effect the breach. No

further notice is necessary. The refusal to perform without right affects the substance of the contract and goes to the whole consideration. The covenant to pay premiums is from the nature of the insurance dependent on the covenant to pay loss occurring under the policy. When the plaintiff refused to pay the loss the defendant treated the contract as void and the averments in his affidavit are in direct disaffirmance of the contract of insurance. His claim is not based on the policy. In fact, he makes no claim for damages, for the loss of the animal insured or for premiums paid before the breach took place. He is content to reply to the plaintiff's demand as follows, you have by your own act in refusing without right to pay my loss sustained under the policy annulled the contract. I was at liberty to treat it as such and having done so I am in the same position as if the contract never had existed. The authorities as to rescission by the insured do not present the precise question in this case. The defendant's averment is, that the plaintiff rescinded and annulled the contract and this was a question for the jury. The affidavit contained all that was necessary for the plaintiff to know concerning the insured animal, its value, the time, cause of death and other information. It states that the defendant notified the company that he would regard the contract as null and void because of the company's failure to pay the money due on account of the loss sustained under the policy. There was no specific complaint that the affidavit did not contain a copy of the proof of loss. It was in the plaintiff's possession and if he was not satisfied with the proof of loss there was a proper way to have the matter before the court. From the affidavit and policy a loss was averred.

The policy states "no action at law or suit in equity for the recovery of any claim arising thereunder shall be brought within ninety days from the time when the company shall have passed upon and approved such claim." When a proof of loss has been filed and the loss approved

the assured has a claim recognized by the company. It is true, suit may not be brought for ninety days but the claim is a valid claim, the right of action only being suspended. The company must, to entitle itself to the benefit of its contract, act in good faith, and pay the amount of the loss according to the lawful terms of its policy. The insurance was placed on August 8, 1913. It ran for five years, payable $14 quarterly. The animals were insured for $100 each. A mule died on August 28, 1913, and proof of loss was made on October 6th. Death was due to colic and the defendant claimed the insurance value of $100. Whether this sum should be $100 or $50 depends upon the proof submitted to the jury; the defendant claims that death was not due to any cause within the meaning of the policy, the inception of which occurred within sixty days after its issuance. In any event, as the plaintiff sues to recover all the premiums after November 8th there would still be a balance due to the defendant and there is nothing to show how the November premium was paid. The failure to pay this sum the defendant claims avoided the contract.

The company had sixty days in which to approve the loss. If it did not act upon and approve the loss within that time the defendant would be justified in holding that the company had abandoned or waived this feature of its contract. The insured's right to sue depends on the affirmative action of the company, and as suit may not be instituted after one year from the animal's death, it is evident that this clause after deducting the five months mentioned in which suit cannot be brought allows the insured but seven months to institute suit. It brings his right to sue within a narrow limit of time. Without discussing the legality of this clause the court should adopt a construction that will without doing violence to the policy prevent a forfeiture, and secure to the insured at least a small return on his loss. When the company failed to approve the loss the insurer was at liberty to sue immediately for the loss, and fair dealing

required that he be notified of such approval. We do not deem it necessary to discuss the other questions raised by the appeal, except to say that as to the averments made as to the loss of the other animals, if the jury should find that the plaintiff did not abandon and cancel its contract by its failure to perform, the defendant would be entitled to make such claims allowed by the policy if he has complied with the terms of the policy. As to the animals sold the policy as to both insured and insurer ceases and determines.

The decree of the court refusing judgment for want of a sufficient affidavit of defense is affirmed.