## Farmers & Breeders Mutual Reserve Fund Live Stock Insurance Co. *v.* Elliott, Appellant.

*Insurance—Live stock insurance—Premiums—Sale of live stock —Death of live stock—Failure to pay loss—Cancellation.*

In an action to recover premiums on policies of live stock insurance covering a number of horses for five years, where it appears that the policies provided the premiums should be paid quarterly and that the policies should be void if the horses were alienated or sold, an affidavit of defense is sufficient which avers that seven of the horses died during the first period in which the insurance was effective, that due notice of the loss was given, and a demand for payment was made for the insured value of the animals which was in excess of the amount of the premium for which suit was brought; that the company declined to pay; that the policies were then duly surrendered for cancellation; that eleven other horses had been sold while the insurance was in force, and that by reason of these sales the policies were void, and that no premium could be due after an animal had been sold.

Under the provisions of such a policy the insurance company cannot recover premiums on account of insurance for either the animals sold or for the animals dead for the remainder of the five years after their sale or death.

It was not incumbent on the insured to pay the premium due when the company already owed him more money than the premiums amounted to. When it continued its attitude of nonpayment of the insurance due on the death of the animals, the insured could very well consider the contract ended.

510 FARMERS & B. ETC. INS. CO. *v.* ELLIOTT, Appel.

Statement of Facts—Opinion of the Court. [69 Pa. Superior Ct.

Argued Nov. 20, 1917. Appeal, No. 60, Oct. T., 1917, by defendant, from order of C. P. Chester Co., Aug. T., 1916, No. 87, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Farmers & Breeders Mutual Reserve Fund Live Stock Ins. Co. of the United States v. Harry V. Elliott. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit on a policy of live stock insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the statement of claim and affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*George B. Johnson,* with him *Truman D. Wade,* for appellant.—Where an insurance policy provides that the policy shall be void if the assured parts with, alienates or sells his interest therein, the stipulation operates against the insurer and the insured is not liable for premiums accruing: Farmers & Breeders, Etc., Ins. Co. v. Houpt, 25 D. R. 711; Farmers & Breeders M. R. F. L. S. Ins. Co. v. Miller, 65 Pa. Superior Ct. 347; Farmers & Breeders, Etc., Live Stock Ins. Co. v. Beck, 66 Pa. Superior Ct. 528.

*Arthur P. Reid,* with him *C. Edmund Gilmore,* for appellee.

OPINION BY KEPHART, J., April 22, 1918:

The questions presented by this appeal have been considered in two recent opinions by this court. This action is brought to recover premiums due on policies of live stock insurance. The court below deemed the affidavit of defense insufficient and entered a summary judg-

ment against the defendant, from which this appeal is taken.

The policies, issued on the 10th of August, 1912, insured a number of horses for five years; the premiums accruing thereon were payable quarterly. The first premium continued the insurance until November 30th, and under paragraph two of the policies thirty days grace was added in which to pay the next premium due. The appellant, not having paid the premium due November 30th, and thereafter declining to pay premiums during the remaining five years, this action was brought to recover for all premiums accruing during this period.

The affidavit of defense in effect stated that seven of the horses insured under the policies died during the first period in which the insurance was effective; and in accordance with the terms of the policies due notice of the loss was given and a demand for payment of the insured value of the animals, $1,050, was made upon the company; it declined to pay and the policies were then duly surrendered for cancellation. Under the terms thereof they expired, or in other words, were void. The affidavit also averred that eleven of the horses were sold. Although a little ambiguous as to the date of the sale, there is no doubt that some of the horses were sold while the insurance was in force; that by reason of these sales the policies were void and no premium could be due from the defendant after an animal was sold.

The statement of claim seeks to recover premiums on account of insurance for the animals sold, as well as the animals dead, and this for the remainder of the five years after their sale and death. As a part of the affidavit, a counterclaim was presented wherein the defendant claimed for the insured value of the animals that died. While this claim might be of no avail as a counterclaim by reason of the fact that an action was not begun within a year after the loss arose as provided by the policies, there are sufficient averments in the affidavit which would make the claim good as a bar to the plaintiff's ac-

tion. It definitely states that the policies were surrendered for cancellation; that they came to an end, or were terminated when the company refused to pay the loss due. When the animals died during the life of the policies, from the causes alleged, a valid claim arose in favor of the appellant. That claim exceeded in amount the premiums that might be due for animals still in life and insured by the company. It was not then incumbent on the appellant to pay the premiums due when the company already owed him more money than the premiums amounted to. When it continued its attitude of nonpayment of the insurance due on the death of the animals, the respondent could very well consider the contract ended. The company, had it so desired, could have deducted the premiums due and remitted the balance. It did not do this. It rested on its supposed right to have all premiums immediately paid, regardless of its debt; and when they were not paid, it could declare the policies void as to all the company's liability for loss, and valid for accruing premiums for all the animals originally insured, dead or alive, owned or sold. The principles governing such claims have been fully discussed in the cases of Farmers & Breeders Mutual Reserve Fund Live Stock Ins. Co. v. Miller, 65 Pa. Superior Ct. 347, and Farmers & Breeders Mutual Reserve Fund Live Stock Ins. Co. v. Beck, 66 Pa. Superior Ct. 528, and we need not reiterate what was there said.

With respect to the sale of the eleven animals, the policies would be void as between the insured and the insurer only as to the animals sold. As to those remaining in life, the policies would still be in force. Where insurance policies are in a situation such as presented by the facts in this case, that is, where the insurance company has failed to perform an act necessary on its part to keep policies alive, and such acts are a part of the consideration for insurance, a different question is presented than in those cases where the default is on the part of the insured; or the property remains covered by the insur-

ance; or the cases of mutual companies, as discussed in
Farmers, Etc., Ins. Co. v. Miller, supra, and Farmers,
Etc., Ins. Co. v. Beck, supra; or where the by-laws or
policies of mutual companies, on an assessment basis,
provide for the collection of assessments on a premium
note; or it appears that the losses of the mutual com-
pany demand an assessment on all members regardless
of the class.   What we said in the Farmers, Etc., Ins.
Co. v. Beck and Farmers, Etc., Ins. Co. v. Miller cases
concerning cash policies and the relationship of members
of a mutual company where cash policies are issued is
applicable.   Hummell & Co.'s App., 78 Pa. 320; Colum-
bia Ins. Co. v. Buckley, 83 Pa. 293, and Susquehanna
Ins. Co. v. Leavy, 136 Pa. 499, do not meet the facts as
presented in this case.   In all of these cases the actions
were on premium notes wherein assessments were duly
made and collection provided for, or on a policy having
much the same effect.   It will be noted in the case before
us there is a fixed amount payable quarterly in cash on
account of each policy.   While the insurance was in
force some of the horses were sold and some died.   A
claim existed against the company, which it has refused
to pay, and the policies under the terms thereof were sur-
rendered for cancellation.

We think the court erred in entering a summary judg-
ment.   While the affidavit is not as precise as it might
be, it contained sufficient averments which required the
submission of the case to the jury.

The judgment of the court below is reversed and pro-
cedendo awarded.