## Letitia Pister *v.* The Keystone Mutual Benefit Association, Appellant.

*Evidence of court and jury—Misleading charge.*

Where the language of the charge was contradictory and misleading the case will be sent back for another trial.

*Insurance—Forfeiture by reason of default in paying assessments.*

Where a forfeiture has inured under the terms of a policy of insurance by reason of nonpayment of an assessment due and demanded, the facts that the insured was also an employee of the defendant at the time of his death and that, at the time of the default, a fraction of a month had elapsed at the end of which a monthly salary would be due, do not warrant a submission to the jury of the question whether the defendant was at the time of the default indebted to plaintiff under instructions that if it be so found the plaintiff would be entitled to recover.

*Insurance—Master and servant—Appropriation of wages.*

If a sum of money be due to an employee of an insurance company as wages the company has no duty to apply such wages to the payment of an assessment due and demanded by and from such employee who was also insured in the company. There could be no duty unless there was a right to so appropriate.

Argued Oct. 19, 1896. Appeal, No. 29, Nov. T., 1896, by defendant, from judgment of C. P. No. 3, Philadelphia Co., March Term, 1895, No. 850, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Assumpsit sur policy of insurance on life of plaintiff's husband. Before GORDON, J.

It appeared from the record and evidence that this was an action of assumpsit in the court below by Letitia Pister upon a policy of life insurance, No. 6109, issued by the appellant on August 6, 1893, insuring the life of Samuel H. Pister in the sum of $500 and promising to pay that amount to his wife, Letitia Pister within ninety days after notice and proof of death of the assured. Samuel H. Pister died on the 12th day of April, 1894, after a brief illness of but a few hours. The company had due notice and proof of his death. It was provided in the policy as follows : " If any annual dues or mortality assessments on this policy shall not be paid when due, the consideration of this contract shall be held and deemed to have failed and this policy shall be null and void; and the only evidence of payment shall be the receipt of the Association, signed by the President or Secretary."

At the time the policy was issued and from that time to the day of his death, Samuel H. Pister was in the employ of the company as soliciting agent under a commission from the company, No. 578. For the month of February, 1894, he was to receive a salary of $16.00 per month; for the month of March $20.00 per month and for the month of April a like salary. On the 31st day of March, 1894, he settled his account with the company through T. H. Boyer, who was a general agent of the company in control of a large number of agents and who employed them for the company and who employed Mr. Pister. At this time he paid Mr. Pister $20.00, the full amount of his salary for the month of March. At the time of settlement, the company had levied a mortality assessment upon all its members amounting to $1.00, and at the time of the settlement Boyer offered to deduct the mortality assessment of $1.00 from Pister's monthly salary,to which Pister objected, as he had rent to pay. According to the by-laws of the company and the notice served in pursuance thereof, Pister had until the 2d day of April in which to pay the mortality assessment. At that time he had earned $1.33½. He died on the 12th day of April at which time he had earned $8.00 and the company was then indebted to him in that amount. The company defended on the ground that he had not paid the mortality assessment due on the 2d day of April, the appellee contending that there was sufficient in the hands of the company to more than pay the mortality

assessment which the company had the right to appropriate for that purpose. Upon this narrow issue the case was submitted to the jury by the learned trial judge, resulting in a verdict for the plaintiff for the face of the policy and interest, amounting to $547.50.

The court charged the jury, inter alia, as follows:

It appears—and that is the only element in this case which enables the cause to go to the jury at all—that this plaintiff's husband was also an agent or employee of the company, at a fixed salary of $20.00 a month. It appears, also, that he received, in March, a notice of an assessment for two deaths, by which he became liable, within thirty days, to pay $1.00 to the company; and it is admitted that he did not pay that sum of money. If he was a person unemployed and not related to the company, that would end this case. He would have been in undoubted default, as, under the terms of his policy, the failure to pay the assessments when they became due works a forfeiture. But, as I have said, he was an employee, and when he died, on the 12th of April, there was due to him as wages a sum of money, $8.00, or $9.00, as the case may be; it is not very important except that it was more than the amount of the assessment, $1.00. [When the plaintiff closed her case she showed that at the time this assessment was due there was due, also, to this insured man, at least a dollar, and, when he died, much more than that; and I permit this case to go to you on this single proposition, and this single proposition alone, which is, whether he had or not, at any time up to his death, refused to pay that assessment upon demand. If he had not, if the money was not specifically demanded and was not specifically refused, then I charge you as follows: That you may find that if there was a dollar due him by the company on the 2d day of April, that he appropriated that sum towards the payment of the assessment due, and hence he was not in arrear, and there was no default.

I am obliged to send the cause to you upon that narrow point for this reason, that when the plaintiff's case closed there was simply this state of facts exhibited: That an assessment was due by him on the 2d of April; that on the 31st of March the company paid him all it owed him, $20.00, and though at that time he probably might have paid a dollar, up to that point

there was no evidence that there had been a demand on him, and he died with a still greater sum due him than the dollar.] [2]

The defendant company contends, first, that when they paid him on the 31st of March the $20.00, he was asked to pay the dollar due by him for the assessment, and that he refused, and he said he had better use for his money. If, gentlemen of the jury, you find that to be so, then I charge you that you cannot find from the mere fact that the entire sum of money was paid that there was any continuance of the relation of debtor and creditor between him and the company by which accruing wages might afterward be equitably set off against the assessment which he might owe.

It is in further evidence that on the last day, the 2d of April, when this money ought to have been paid, he again was asked to pay it, and again refused. If you find that to be so, and believe the testimony of the defendant on that point, I charge you that there was a default on this policy and a forfeiture, and it would make no difference then when he died what was owing to him, unless he had been reinstated according to the regulations of the company.

Gentlemen of the jury, I do not know whether I have made that clear to you or not. Let me repeat, however, a word or two with reference to the relations of these parties, and then I will give the case to you for your consideration.

I charge you that there is no evidence in this case sufficient for you to find that this agent waived the payment or extended the time for the payment, even if he had authority to do it, of which there is no evidence,—all the evidence of the defendant being that he had no authority upon the subject, and that the contract itself does not give him such an authority. Moreover, the testimony of this plaintiff and her daughter is not sufficient to show, even if he had the authority, that he extended the time, because the utmost that they testified to is that he expressed regret that this dead man had not paid his assessment when it was due, and said if it had been paid before 12 o'clock the policy would have been good. None of those conversations, none of that language, are sufficient to show a waiver as to time or an extension of time. [Hence, the case must turn upon the single point that I have given you. This company and this man being in the position of master and servant,

employer and employee, if there was no demand made upon him other than the ordinary notice, and there were accounts between him and the company, and, by the condition of those accounts at the time this money became due, the company was indebted to him in the amount of the assessment, then I charge you that that may be. equitably set off against the assessment due, and hence that there was no default.] [3] But, if you believe the defendant's witnesses, that they asked him first to allow them to take the dollar out of his March wages, and he refused, and afterwards, that on the 2d of April, they again demanded the dollar and he again refused, by that refusal on that day there was a forfeiture of the policy and there could be no recovery upon it, unless there was a reinstatement under the by-laws and regulations of the company, which, confessedly, there was not.

[Therefore, the whole case really turns upon the credibility of the two witnesses for the defendant, Mr. Boyer and Mr. Lamont, and all questions of credibility are for the jury, and not for the court. You must say whether you believe their statements or not. If you do, then the plaintiff cannot recover. If you discredit it and believe that no demand was made upon him for the money, and there was no refusal on the 2d of April, then the plaintiff is entitled to your verdict.] [4]

I have had some propositions handed to me by the plaintiff, which I am asked to specifically charge you upon, and the first is as follows:

1. If the jury find from the evidence that the time for paying the mortality assessment of $1.00 mentioned in the defendant's notice to the insured, dated March 1, 1894, had been extended, and the insured died before the expiration of such extension, the plaintiff is entitled to recover. *Answer :* I refuse that proposition. There is no evidence that there was an extension of time.

2. If the jury find from the evidence that the defendant was indebted to the insured to an amount equal to or greater than the mortality assessment of $1.00 mentioned in the defendant's notice to the insured, dated March 1, 1894, at the expiration of said notice, and remained so indebted to the death of the insured, the plaintiff is entitled to recover. *Answer :* That is so; if he had not refused to pay on the 2d of April, when the dollar was

demanded; and remember, gentlemen of the jury, that on the 2d day of April—this demand was made on that day—there was not $1.00 due to this insured man, because he was paid all of his wages for March. The 1st day of April only had elapsed, and if the demand was made on the second day, there was not at that time due to him the sum of $1.00. [5]

3. The defendant having failed to indorse upon the policy in suit a copy of its entire by-laws and articles of association, such by-laws and articles, or extracts therefrom so indorsed, are not evidence, and therefore there is nothing in the case from which it can be determined whether the mortality assessment of $1.00 mentioned in defendant's notice to the insured, dated March 1, 1894, is lawful or not, and the plaintiff is entitled to recover. *Answer:* I refuse to so instruct you.

4. Upon the whole evidence the jury should find for the plaintiff. *Answer:* I refuse that proposition, also.

I am asked by the defendant to charge you that under all the evidence the verdict must be for the defendant. *Answer:* I refuse to so charge you. [1]

Counsel for the defendant excepts to the answer of the court to the plaintiff's second point, and to the refusal of the defendant's point, and to the charge of the court in general on matters of law.

Counsel for the plaintiff excepts generally to the charge of the court on matters of law.

Verdict for plaintiff, $547.50. Defendant appealed.

*Errors assigned* were, (1) refusal of binding instructions for defendant; (2–4) portions of the judge's charge, reciting same; (5) answer to plaintiff's second point, reciting same; (6) charge of the court as a whole was inconsistent and inadequate; (7) in admitting the following testimony of plaintiff.

" Q. You heard Mr. Lamont and your husband have a conversation? Just state it to the jury."

Objection by Mr. Erdman. Objection overruled. Exception for defendant.

" A. In the house they spoke about it. My husband said he would pay it on Saturday. From what I understood, I thought it would be open for him until that time. Of course he died that Thursday night, between 11 and 12 o'clock."

(8) In admitting the following testimony of Margaret Davidson, offered by plaintiff, relating to a conversation between plaintiff and Lamont, collecting agent of defendant.

"Q. What was that conversation?"

Objection by Mr. Erdman. Objection overruled. Exception for defendant.

"Be good enough to detail the conversation. A. He came in the morning after the death, and said it was too bad, but that my mother would not get anything. He said, 'Had it been paid at 12 o'clock the night before, or before 12, he would have got his money,' but he said, as it was, he wouldn't get anything."

*Preston K. Erdman*, with him *Edward Harvey*, for appellant.—There was, therefore, no salary or wages due the insured when the assessments became due, whether we regard the assessments as coming due on March 31, or April 2. His salary was paid him for March 31, inclusive; April 1 fell on Sunday, and on Monday, April 2, there was no salary due him; whether any salary would become due to him at all depended upon his continuing to serve, without fault on his part, to the end of the month: Smith on Master and Servant, 220; Wilson v. Lyle, 23 W. N. C. 309.

Under the undisputed evidence the court should have affirmed defendant's point and directed a verdict for defendant: Freedman v. Fire Association, 168 Pa. 249.

Regarding the duty of the defendant to apply wages, if there had been any due to the insured, to the payment of the assessments, there, of course, could have been no duty, unless there was a right to so appropriate: Megargee v. Ins. Co., 97 Pa. 15.

By the act of May 20, 1891, P. L. 96, wages are made payable in "lawful money," and are, therefore, not subject to set-off: Bosche v. Maurer, 5 C. C. R. 215.

*Jos. W. Hunsicker*, for appellee.—The act of May 20, 1891, P. L. 96, cited by defendant, only applies to the business of mining and manufacturing, and not to this case, and besides the act of June 29, 1881, P. L. 147, providing that all wages shall be paid in money or cash orders, was declared unconstitutional: Godcharles v. Wigeman, 113 Pa. 431.

Where a mutual life insurance company has in its possession

dividends belonging to a policy holder more than sufficient to pay an accruing premium when it falls due, the company has the right and is bound, if the premium is not paid, to make such an appropriation, and cannot declare the policy forfeited for failure to pay the premium in question: Megargee v. Mutual Life Ins. Co., 97 Pa. 15, 25, 26, 27.

Assignments seven and eight are not according to rule XVII. in not quoting the full substance of the bills of exceptions.

OPINION BY WILLARD, J., December 7, 1896.

By the terms of a contract of insurance entered into on the 26th day of August, 1893, the appellants undertook and agreed to insure the life of Samuel H. Pister in the sum of $500, and to pay that amount to his wife Letitia Pister within ninety days after due notice and proof of death of Samuel H. Pister. Pister agreed on his part to pay to the company the sum of $5.00, certain annual dues, "together with mortality assessments according to the charter, by-laws of the association and the terms stipulated in the application upon which the insurance is based."

The evidence in this case is uncontradicted, that two mortality assessments amounting to the sum of $1.00 became due and payable according to the terms of the contract and stipulations of the parties on April 2, 1894. The evidence is also uncontradicted that Samuel H. Pister received notice of this mortality assessment as provided in the contract and by-laws of the association. It further appeared that Mr. Pister was in the employ of the company as soliciting agent at a salary of $20.00 per month, payable at the end of the month; that he settled his account for the month of March, 1894, on the last day of the month, received his full pay and refused to apply any part of it in payment of the assessment due April 2. There is no evidence that he paid or offered to pay the assessment on or before April 2, while there is evidence that he was requested to pay it on that day, but refused.

The contention here is that he had earned enough on account of his monthly salary to more than equal the amount of the assessment and it should have been so applied in order to prevent a forfeiture of the policy, but the evidence unfortunately shows that Mr. Pister made no such application of his earnings. The evidence also shows that the agents of this company did all

in their power to induce Mr. Pister to pay the assessment in time to avoid a forfeiture, which he refused to do. The learned trial judge instructed the jury in answer to the plaintiff's second point "remember, gentlemen of the jury, that on the second of April—this demand was made on that day—there was not $1.00 due to this insured man;" in his general charge, however, he said to the jury "when the plaintiff closed her case she showed that at the time this assessment was due there was due also to this insured man at least a dollar, and when he died much more than that." The jury evidently adopted the language of the judge last quoted, while the language first quoted was correct and should not have been qualified. The salary was dependent upon service and was payable at the end of the month. How could it be said, therefore, that any part of it was due on the 2d of April. The assured could not have maintained an action for it, nor could he have used it as a legal offset to an action for the assessment.

By the terms of the contract the assured covenanted on his part to pay the mortuary assessments within thirty days after due notice thereof. He had due notice of two assessments falling due April 2, 1894, he did not pay them, and died on the 12th of the same month.

We have said that the evidence of the notice of the assessments as prescribed by the terms of the contract was uncontradicted, and that the trial judge stated in his charge "that there was not one dollar due to this insured man because he was paid all his wages for March." The learned judge, however, conceived the idea that because Pister was an employee of the company some other notice than that specified in the contract was required, and that the relation of employer and employee might create an indebtedness from the former to the latter, and further charged the jury, "This company and this man being in the position of master and servant, employer and employee, if there was no demand made upon him other than the ordinary notice and there were accounts between him and the company, and by the conditions of those accounts at the time this money became due the company was indebted to him in the amount of the assessment, then I charge you that that may be equitably set off against the assessments due, and hence that there was no default." The language of the charge was contradictory and

misleading and the case must be sent back to the court below for another trial.

The question of extension of time and waiver is not before us; there was not only no evidence of a waiver, but the judge carefully excluded the question from the consideration of the jury.

There is no evidence that the company ever paid or tendered to Mrs. Pister any part of her husband's wages from the 1st to the 12th of April. There is evidence that she received a gratuity of $7.00 from Mr. Boyer, the general agent of the company, soon after her husband's· death. If the company actually appropriated a part of Mr. Pister's wages for the mortuary assessments in question, it would be conclusive evidence that they did not intend to forfeit the policy, and if such a state of facts existed, the widow should have the right to prove the same.

The second, third and sixth assignments of error are sustained, the other assignments are overruled, the judgment reversed and a venire facias de novo awarded.