## Holyland *v.* Protected Home Circle, Appellant.

*Beneficial associations—Set-off of assessments against disability allowance.*

Where there is due to a member of a beneficial association a disability allowance in an amount greater than assessments due, the society cannot set up a forfeiture declared in the member's lifetime, for nonpayment of assessments, in a suit brought by a beneficiary against the society after the member's death, to recover the benefit due under the old age insurance at the date of the member's death. In such a case it is immaterial that the society consisted of local circles and a supreme circle, if it appears that members of the local circle were equally members of the supreme circle, and that the supreme circle dealt with its members through the intervention of the local circles in collecting assessments and dues; and it is also immaterial that certain of the dues were, under the rules of the society, retained by the local circle.

Argued April 30, 1918. Appeal, No. 112, April T., 1918, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1916, No. 454, on verdict for plaintiff in case of Mary E. Holyland v. The Protected Home Circle, a Pennsylvania Corporation. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover benefits under old age insurance. Before HAYMAKER, J.

At the trial it appeared that Charles Holyland, plaintiff's husband was a member of the Protected Home Circle, a Pennsylvania corporation, and that on October 1, 1889, the defendant issued to Holyland a benefit certificate in the sum of $1,000, by which it agreed to pay to the plaintiff the sum of $1,000 after the death of Holyland; that when Holyland came to the age of seventy years he elected, as he had a right to do under the constitution of the society, to receive from defendant ten annual payments of $50 each as an old age benefit, for ten years, nine of which payments were made to him, but the tenth annual payment of $50 for the year January 21, 1915, was not paid. Certain dues and assessments for the months of April, May, June and July, 1915, were not paid by Holyland, and defendant claimed a forfeiture because of the nonpayment of these assessments which aggregated an amount much less than $50. The suit was brought for the sum of $500 alleged to be due at the time of the decedent's death on July 25, 1915, and for $50 the tenth annual payment. It appeared that under the constitution and rules of the society a certain portion of the assessments and dues were retained by the local circle, and the balance paid over to the supreme circle. It also appeared that the local circles were the collecting agents for the supreme circle, and that members of the local circles were members of the supreme circle.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $587.24. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Lawrence W. Bigham,* with him *A. W. Williams,* for appellant, cited: Klein v. Insurance Co., 104 U. S. 88.

Where the certificate of a beneficial association provides that a failure to pay any assessment within a specified time shall render the certificate null and void, time is of the essence of the contract, and a failure to pay within the designated time will render the certificate void: Dickson v. A. O. U. W., 159 Pa. 258; Rhule v. Diamond Colliery Accidental Fund, 13 Pa. Superior Ct. 416; Pister v. Keystone Mut. Benefit Assn., 3 Pa. Superior Ct. 50.

*E. H. Wicks*, with him *A. I. Boyle, Jr.*, and *R. H. Frank*, for appellee.—It was not only the right, but the legal duty of the Protected Home Circle to set-off against the fifty dollars in its hands belonging to insured as old age benefits under said certificate, decedent's defaulted monthly assessments and dues in order that he be not suspended and his benefit certificate forfeited: Girard Life Ins., Etc., Co. v. Mut. Life Ins. Co., 97 Pa. 15; Matlack v. Mut. Life Ins. Co., 180 Pa. 360; Murray v. Iron Hall of Baltimore City, 9 Pa. Superior Ct. 89.

OPINION BY KEPHART, J., July 10, 1918:

It is nowhere denied that fifty dollars was due to Charles Holyland on January 21, 1915, from the appellant on an old age disability insurance policy. This was not paid at the date of his death, July 29, 1915. While this sum was in the hands of the insurer, the assessments for April, May, June and July, amounting to $6.76, were unpaid. He was suspended in May because the April and May assessments had not been paid. This state of affairs continued until his death. Thereafter, upon demand, the insurer refused to pay the sum of five hundred dollars to his widow, being the benefit due under the old age insurance, the deceased being seventy-nine years of age at the date of his death. The appellee contends that the appellant could not equitably declare a forfeiture of the insurance while it was indebted to the decedent in an amount greater than the assessments and dues and

that the certificate must be held to be in full force. The appellant is the parent body of the society and deals with its members through an intervening or local branch called the local circle. Under its rules and regulations the work is largely done by these subordinate branches, but the entire arrangement, the supreme circle, the grand circle and the local circles, constitute the society, "The Protected Home Circle." When a member is expelled or suspended it is an expulsion or suspension from The Protected Home Circle. What directly affects the intervening body, affects the society as such, and while the local lodge may enact rules for its immediate government, when it deals with a member in the manner now under discussion he is dealt with as a member of the order, not as the member of a branch. The policy of the law is against a forfeiture of rights where there is a substantial equity in favor of the party against whom the forfeiture is declared, and while the old age disability allowance of fifty dollars was due from the appellant as a society the assessments were likewise due to the society as a society, though a part of it might be retained by the local body. This latter body was, under the rules of the society, the collecting agent and in so acting it was acting for the entire order. If there were moneys in the society's hands from which these assessments could have been paid, there is nothing in the constitution and by-laws, nor in the law of the land, which would have forbidden an appropriation for this purpose. The sum of money that was due to the deceased and the sum of money that was due from him to the society were on an equality. No intervening parties contended for the money. There was mutuality of demand both as regarded the equality of the right and the identity of the parties. It can scarcely be argued that the society in an action for the claim on the disability allowance would have been prevented from setting off this claim for assessments against the claim on the disability allowance. We have no disposition to depart from the rule of law which

70 HOLYLAND v. PROTECTED HOME CIRCLE, Appel.

places the settlement of questions of internal government under the rules of the society. This is a claim by a beneficiary—a third person. The forfeiture of the contract has been set up and to justify that forfeiture there must appear a clear right in the party. The principle is well stated by this court in Murray v. Iron Hall of Baltimore City, 9 Pa. Superior Ct. 89. The court said: "......it would be inequitable to permit the defendant to set up a breach of covenant on the part of the plaintiff amounting to a forfeiture, when the breach was but a failure to pay money to the defendant at a time when the defendant was the plaintiff's debtor in the same transaction to an amount in excess of the assessment payable by the plaintiff": Girard Life Ins. Co. v. Mutual Life Ins. Co., 97 Pa. 15; Matlack v. Mutual Life Ins. Co., 180 Pa. 360; Farmers & Breeders Mutual Reserve Fund Live Stock Ins. Co. v. Miller, 65 Pa. Superior Ct. 347; Farmers & Breeders Mutual Reserve Fund Live Stock Ins. Co. v. Curran, 65 Pa. Superior Ct. 352. A number of authorities from other states support this contention. There is no place under the facts as here developed for the enforcement of any rule of the society. The intervention of the local circle, through which the supreme circle dealt, did not operate to take this case out of the rule above expressed. It could scarcely be contended that had the assessment been paid to the local agency and it had failed to remit, the society would have been absolved from paying the amount due on the certificate. Under the law, the man did not cease to be a member of the society and his widow is entitled to the benefit.

The judgment of the court below is affirmed.