## Sporrer, Appellant, v. German Roman Catholic Knights of St. George.

*Beneficial associations—Forfeiture of membership—Set-off of sick benefits due against premiums for death benefits.*

The policy of the law is against a forfeiture of rights where there is a substantial equity in favor of the party against whom the forfeiture is declared.

Where a beneficial society has in its possession funds due to a member for sick benefits sufficient to pay premiums for death benefits accruing up to the date of the death of the member, the association may, and it is its duty, unless otherwise directed by the by-laws to appropriate such funds to the payment of the premiums. Forfeiture for failure to pay the premiums cannot be enforced under such circumstances.

This rule is especially applicable where the secretary of an association, who under the by-laws was authorized to receive dues on account of death benefit insurance and sick benefit insurance, agreed that he would use the money due on account of sick benefits for the payment of the dues on the death benefit insurance.

Argued May 3, 1918.   Appeal, No. 150, April T., 1918, by plaintiff, from order of C. P. Allegheny Co., July T., 1917, No. 1728, refusing to allow appeal from the County Court in case of Agatha Sporrer v. German Roman Catholic Knights of St. George.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD and KEPHART, JJ.   Reversed.

Petition for appeal from judgment of the County Court..

The opinion of the Superior Court states the case.

*Error assigned* was order refusing appeal.

*Thomas M. Marshall,* with him *Thomas M. Marshall, Jr.,* for appellant.—The defendant company having funds of the insured's in its possession more than sufficient to pay the dues of the insured, he could not be declared delinquent and subject to suspension: Girard Life Ins. Annuity & Trust Co. v. Mutual Life Ins. Co., of New York, 97 Pa. 15; Holyland v. Protected Home Circle, Etc., 66 Pittsburgh Legal Journ. 41.

*Hermann L. Hegner,* for appellee.

OPINION BY KEPHART, J., December 12, 1918:

The deceased was a member of a fraternal benefit association.   His widow brings action against this associ-

614 SPORRER, Appellant, v. GERMAN R. C. K. OF ST. G.

ation to recover on a death benefit certificate called a policy of insurance. Payment is resisted on the ground that the insured was suspended for failure to pay premiums due on this policy and thereby forfeited his right to insurance. The insured, in addition to death benefit insurance, carried sick benefits. He reported sick May 1, 1916. It became the duty of the officer receiving this information to report it to the supreme secretary of the order. Sick benefits began to run from May 8, 1916, payable monthly. On June 15, 1916, when the deceased was suspended, the association owed to him sick benefits for one month. These benefits were sufficient in amount to pay all premiums due up to the date of death, July 8, 1916. The trial court directed a judgment for the defendant and the Court of Common Pleas of Allegheny County refused an appeal. This refusal is here assigned as error.

We said in Holyland v. The Protected Home Circle that the "policy of the law is against a forfeiture of rights where there is a substantial equity in favor of the party against whom the forfeiture is declared." Where an insurance company, or beneficial society, has in its possession funds due to an insured sufficient to pay premiums or assessments on account of insurance or benefits accruing up to the date of the death of the insured, the company may, and it is its duty, unless otherwise directed by the by-laws, to appropriate such funds to the payment of the premiums or assessments. Forfeiture cannot then be declared : Girard Life Ins. Co. v. Mutual Life Ins. Co., 97 Pa. 15; Matlack v. Mut. Life Ins. Co. of New York, 180 Pa. 360; Farmers & Breeders Mutual Reserve Fund Live Stock Ins. Co. v. Miller, 65 Pa. Superior Ct. 347; Farmers & Breeders Mutual Reserve Fund Live Stock Ins. Co. v. Curran, 65 Pa. Superior Ct. 352. The rights of the insured and of the beneficiary named in the policy are fixed at the time the insured dies. At that time there was in the appellee's hands enough money to

have paid the assessments due on the death benefit insurance. That it was due on account of sickness and from a sick benefit fund does not alter the situation. Though the rules of the society may have required these benefits to be paid from a particular fund, the claim in law was against the society and the money was due from the society as such. It would be unjust and inequitable to declare the death benefit insurance forfeited while the company retained in its possession money due to the insured sufficient to pay all premiums due on account of this insurance. There is nothing in the by-laws that prohibited an appropriation of the money due to the payment of these claims. Section 164 was intended to prevent sick benefit claims from being paid out of the death benefit insurance fund, and vice versa, but when the money was due from any particular fund there was nothing to prevent that money from being used in paying the dues owed to the other fund or insurance. Moreover, the secretary of the association, who under the by-laws was authorized to receive money from the members, and as such officer did receive dues on account of death benefit insurance and sick benefit insurance, agreed that he would use the money due on account of sick benefits for the payment of the dues on the death benefit insurance.

The order of the Common Pleas is reversed and it is directed that the appeal be allowed as prayed for.