## Neel, Appellant, v. Heralds of Liberty.

*Beneficial societies—Payments of Certificates—Forfeiture.*

Where a forfeiture has inured under the terms of a certificate issued by a beneficial society by reason of nonpayment of dues the tender of the amount of arrears will not reinstate the certificate where the plaintiff has failed to comply with other regulations of the society in regard to applications for reinstatement and medical examinations.

*Forfeiture of certificates—Appropriation from moneys due on other certificates.*

If a sum of money is due on a certain certificate issued by a beneficial society the society has no duty to apply such money to the payment of arrears on other certificates where each certificate is a distinct and separate contract. There can be no duty unless there is a right to appropriate.

Submitted March 13, 1918. Appeal, No. 115, October Term, 1917, by plaintiff, from order of C. P. No. 1, Philadelphia Co., June Term, 1915, No. 114, refusing to take off nonsuit in case of Rudd T. Neel v. Heralds of Liberty. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on beneficial certificate. Before BREGY, P. J.

136, (1919).] Assignment of Error—Opinion of the Court.

The material provisions of the certificate and the facts are sufficiently set forth in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*E. Spencer Miller,* for appellant.—The society could not forfeit a certificate while it held money of the insured: Girard Life Insurance, Etc., Company v. Mutual Life Insurance Company (1881), 97 Pa. 15; Bannister v. Fire Insurance Company (1912), 50 Pa. Superior Ct. 45; Murray v. Iron Hall (1898), 9 Pa. Superior Ct. 89; Matlack v. Bank (1887), 180 Pa. 360; National Metal Edge Box Co. v. American Metal Edge Box Co. (1914), 246 Pa. 78, 83.

*George J. Edwards, Jr.,* for appellee.

OPINION BY PORTER, J., February 28, 1919:

The Heralds of Liberty is a beneficial association, into which had been merged another association called the Cycle of Equity, the former assuming the obligations of the latter. The plaintiff was a member of the society and the holder of five benefit certificates therein bearing the numbers from 633 to 637, inclusive. Each of these certificates, in addition to providing for the payment (from the benefit fund) to a beneficiary named, of a definite sum, upon the death of a member, contained the following covenant: "It is further agreed that should the above-named member having paid all dues and payments when due and being in good standing at such time as this certificate shall become the oldest outstanding certificate in force in the class of members of corresponding age at the time of becoming a member, said member shall be entitled to receive the sum of five hundred ($500) dollars as a life fund distribution (payable from the reserve fund) which shall be paid at the time of the payment of the first death claim of a member in the same division and

class of corresponding age, upon the surrender of this certificate." It appeared in evidence that the plaintiff had recovered judgment against the defendant for the full amount of the life fund distribution, contracted for by the certificates Nos. 633 and 634, and that judgment had been paid and satisfied. He subsequently brought this action upon the certificate No. 635, alleging that it was the oldest outstanding certificate in force in the class of members of corresponding age and that he had become entitled to have paid to him, "as a life fund distribution," the sum of five hundred dollars, for the reason that a member in the same division and class had died, February 1, 1913, and the death claim of that member had been paid by the society on May 19, 1913. The society defended upon the ground that the plaintiff was not a member in good standing at the time the certificate became the oldest outstanding certificate, nor at the time it would have become payable, that he had failed to pay his dues after February 28, 1908. The court below was of opinion that the evidence produced by the plaintiff failed to establish his right to recover and entered a nonsuit, which it subsequently refused to take off. This action the plaintiff assigns as error.

The evidence disclosed that the plaintiff had paid his dues upon this certificate down to February 28, 1908, that he had failed to pay his dues for the months of March and April, 1908; that he had, on April 29, 1908, after his dues for that month as well as March were in default, sent a check to the society for the amount, which check the society declined to accept and declared the certificate lapsed. The only evidence which the plaintiff saw fit to produce as to this occurrence was a letter which he had received from the supreme recorder of the defendant society stating that according to the laws, rules and regulations of the society an opportunity was extended delinquent members for reinstatement until the last Saturday of the third month of delinquency, if a satisfactory reinstatement application was furnished, or

if reinstatement application was not accepted if a satisfactory medical examination was furnished, that the application for reinstatement of this plaintiff was not satisfactory, that he had been so advised and a new medical examination had been requested, but that plaintiff had failed to comply with the request, and his rights as a certificate holder had as a result lapsed. This plaintiff had himself been an officer of this society, a member of the advisory board of directors, he must be presumed to have been familiar with the rules and regulations of the society, and if the facts were not correctly stated in this letter, which he himself offered in evidence, it was incumbent upon him to show what really were the laws of the society. We must, therefore, conclude that the tender by plaintiff of the amount of dues which were in default was not effective to reinstate this certificate, because of his failure to comply with the laws of the society. The plaintiff made no attempt to pay these dues or to have the certificate reinstated, until January, 1913, when, having recovered judgment against the defendant upon the certificates Nos. 633 and 634, he, through his attorney, requested the defendant to apply out of the verdict a sum sufficient to pay back dues on the three remaining certificates, but he even then declined to submit to a medical examination.

The plaintiff asserts another ground upon which he should be held not to be in default of payment of dues upon this certificate. The verdict and judgment in the action upon the certificates Nos. 633 and 634 established that the defendant was indebted to the plaintiff, upon account of those certificates in the sum of one thousand dollars, from January, 1908, to February 26, 1913, when judgment was entered in the action on those certificates. The plaintiff contends that it was the duty of the defendant to pay the dues upon this certificate, as they accrued, out of the amount which it owed to the plaintiff upon the other certificates, and that this certificate could not lapse, for nonpayment of dues, while the society was in-

debted to the plaintiff upon those independent certificates.   Was it the duty of the defendant to apply the money in its hands, growing out of a distinct contract, to the payment of dues upon this certificate, without the consent of the plaintiff?   It must be borne in mind that each of these certificates was a distinct contract.   If the plaintiff had been entitled to receive payment of benefits under the certificate No. 635, it may be conceded that it would have been the duty of the society to appropriate the money in its hands to the payment of the dues upon the same contract: Girard Life Ins. Co. v. Mutual Life Ins. Co., 97 Pa. 15 and 100 Pa. 172.   But that is not this case.   Each of the certificates which this plaintiff held was a distinct and independent contract.   The plaintiff was perfectly free to elect which of them he should continue to keep alive and which he would drop.   Suppose the company had attempted to apply a part of the amount due the plaintiff upon the certificates, Nos. 633 and 634, to the payment of dues upon the certificate, No. 635, could the plaintiff have recovered it back in his action upon the certificates first named?   The true point is the power of the company to make the application, and maintain that position without the consent of the plaintiff. There was in this case no evidence from which a jury ought to be permitted to infer that this plaintiff had entered into any binding contract to pay dues upon this certificate.   He had the right to continue his payments from month to month, and upon his payment of the dues depended his continued right to receive the benefits, he was not bound to pay anything, and might drop the certificate at the end of any month.   The society could not require him to keep this certificate alive, if he saw fit to permit the certificate to lapse that was his business, the company could not have brought an action against him to recover the dues which he did not care to pay.   It follows that this plaintiff could have recovered the full amount due him upon the certificates, Nos. 633 and 634, even if the company had attempted to apply any part of

that fund to the payment of the dues upon this certificate: Pister v. Benefit Assn., 3 Pa. Superior Ct. 50; Kelly v. Fidelity Mutual Life Assn. of Philadelphia, 198 Pa. 147. When the plaintiff, in November, 1908, brought his action upon the certificates, Nos. 633 and 634, he asserted his right to recover the total amount called for by those certificates, without regard to any dues which had accrued upon the other certificates, which he had a perfect right to do, and he recovered a verdict and judgment for the whole amount due him. Can it, after all this, be said that the defendant society ought to have assumed that this plaintiff would agree to the application of the amount due him to the payment of his dues upon the other certificates? The only answer would seem to be, that he had a right to do as he pleased with his own property.

The certificates held by the plaintiff must not, under their covenants, be considered as a group. There could be only one oldest certificate in a class. The covenant is to be construed precisely as if each certificate was held by a different person. There was nothing in any of the certificates which gave to the holder thereof any additional rights because he held some other certificate. The certificate, No. 633, was the oldest certificate until it was no longer, in the language of the contract, an "outstanding certificate in force." It so happened in the present case that the certificates, Nos. 633 and 634, became a liability of the society at the same time, and they continued to be outstanding certificates until they were merged in the judgment recovered by the plaintiff, in February, 1913. It was only at that time that the certificate, No. 635, if it had been kept alive, would have been the oldest certificate.

The judgment is affirmed.