# Neel, Appellant, *v.* Heralds of Liberty (No. 1).

*Beneficial societies—Payments of certificates—Forfeiture of certificates—Appropriation from moneys due on other certificates.*

If a sum of money is due on a certain certificate issued by a beneficial society, the society has no duty to apply such money to the payment of arrears on other certificates, when each certificate is a distinct and separate contract. There can be no duty unless there is a right to appropriate.

Where the holder of a certain beneficial certificate is in default in his payments thereon, but is in good standing on other certificates, he cannot claim that the society should have deducted his arrears, from his paid-up certificates, where he has already sued for and recovered everything that was due on the latter certificates.

358 NEEL, Appel., *v.* HERALDS OF LIBERTY (No. 1).

Statement of Facts—Opinion of the Court. [78 Pa. Superior Ct.

Argued October 20, 1921. Appeal, No. 114, Oct. T., 1921, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1915, No. 114, directing a verdict for the defendant in the case of Rudd T. Neel v. Heralds of Liberty. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on beneficial certificate. Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court, and in the report of a former appeal reported in 71 Pa. Superior Ct. 136.

The court directed a verdict in favor of the defendant. Plaintiff appealed.

*Error assigned* was the order of the court.

*E. Spencer Miller,* for appellant.

*George J. Edwards, Jr.,* for appellee.

OPINION BY HEAD, J., March 3, 1922:

The plaintiff's action rests on a certificate issued by the defendant, a beneficial association. Once before he brought an action in the same court, who tried the case at bar, and it was there determined he exhibited no right to recover. A compulsory nonsuit was entered which the court en banc refused to lift. An appeal to this court followed and certainly most of the important questions indicated were then disposed of in a convincing opinion by our Brother PORTER, 71 Pa. Superior Ct. 136.

We start then with the proposition that the claimant was in default. It is true he had, under the by-laws, a tempus penitentiae, but his privilege rested on the condition that he should have himself reëxamined as to his physical fitness. This he did not do and the opinion of Judge PORTER seems to be conclusive on that point.

The able counsel for the appellant seems to realize that if his client were really in default, there is no escape from the conclusion reached by the court when the case was formerly considered. He is, therefore, driven to the proposition that his client never was in default. That, because there were moneys earned, accumulating in the treasury of the defendant company, from certificates Nos. 633 and 634, therefore, the association was bound to take enough of those moneys to keep him beneficial or, in other words, in good standing as to certificates Nos. 635, 636 and 637. We think it was pointed out in Judge PORTER'S opinion that the association had no right to take money, that belonged to this plaintiff, even if that money were in its own treasury, which had accrued from certificates Nos. 633 and 634, and apply from that fund, enough money to pay the premiums on certificates Nos. 635, 636 and 637, without his consent and approval.

When he brought his action, as he did in the common pleas, to recover what was due to him on account of these two certificates, Nos. 633 and 634, he claimed every penny of it without deduction to protect any other certificates he might have and he recovered a judgment for every cent of the money represented by those two certificates with interest thereon. The judgment thus recovered was paid in full. How then, may the plaintiff claim here that, although he sued for everything that was rightfully due by those two certificates, without diminution for any purpose, and recovered a judgment following his claim without defense by the company, the money which is now in his pocket, should have been taken away from him without his consent, approval or knowledge and applied by his debtor to keep alive other certificates he had the option to permit to lapse?

The counsel for the appellant insists that something new, radically new, has been injected into this case as distinguished from the former one, because he has offered in evidence the plaintiff's original application. It is true that, in that application, the plaintiff says he

will punctually pay his dues according to the by-laws, as the price of his good standing in the order.   We are not at all convinced the defendant association could have brought an action against him for his monthly dues if he chose not to pay them.   It is true that by so doing he could and would cut himself off from the association and would cease to be a member in good standing.   But we cannot see how it could be successfully asserted that he incurred any further legal obligation than would be manifested by the forfeiture of his membership and the loss of whatever he had paid.   In a word, it appears to us to be clear there is no essential or substantial difference between this case and the one that was formerly before us.   For the many reasons stated in the opinion of this court when the case was here before, and in the opinion of the trial judge below, we are unable to see where the plaintiff has shattered the armor-clad case he made against himself with his own hands.   We are of opinion the assignments of error should be dismissed.

The judgment is affirmed.