Judge, Appellant, *v.* Prudential Insurance Company of America.

Argued January 21, 1936. Before KEPHART, C. J., MAXEY, DREW, LINN and BARNES, JJ.

*Philip V. Mattes,* with him *James D. Jordan,* for appellant.

*A. Floyd Vosburg,* with him *A. A. Vosburg,* for appellee.

OPINION BY MR. JUSTICE BARNES, April 20, 1936:

This is an action of assumpsit upon a policy of insurance issued March 12, 1931, by the defendant company upon the life of James P. Judge, and payable to the plaintiff, his wife, as beneficiary. The insured paid the first and second annual premiums, but failed to pay the premium falling due on March 12, 1933. He died on April 27, 1933, after an illness of nine days. Due proofs of loss were furnished by the widow to the defendant company, with which the decedent had four other policies in force at the date of his death. Defendant paid the claims made on the other policies, but refused payment of the policy in suit on the ground that it had lapsed. Plaintiff alleged that at the expiration of the period of grace defendant had in its possesion dividends belonging to the insured more than sufficient to pay the premium due March 12, 1933, and that it should have applied these funds for that purpose. At the trial a compulsory nonsuit was entered. Plaintiff's rule to take off the nonsuit being discharged, this appeal followed.

The defendant is a mutual life insurance company and dividends earned are annually declared upon its policies. The policy in suit, however, expressly stated that "owing to the low rate of premium . . . the surplus accruing thereon will probably not be sufficient to enable the company to credit any dividend to this policy before the end of the *third* policy year." At the trial it was testified that no dividend had ever been declared upon this policy. Plaintiff then offered to prove that on March 12, 1933, there were dividends due to the insured on other policies which he carried with the defendant, but the trial judge held such testimony to be irrelevant, and refused to allow its introduction. The policy in suit also contained a provision that the policy should lapse if the annual premium was not paid when due or within the usual pe-

riod of grace. If the policy were allowed to lapse then to avoid a forfeiture under this provision, the company agreed to put into effect paid-up insurance to the face amount where the policy had been in force *three years*.

Plaintiff's principal contention is that the trial judge erred in refusing to admit evidence of dividends which had accrued on decedent's other policies at the time this policy was forfeited. It is argued that plaintiff should have been permitted to show this, because under our decisions there was a duty upon defendant to apply funds in its hands belonging to the insured to keep his policies in force. The rule upon which appellant relies is well settled: *Girard Life Ins. Co. v. Mutual Life Ins. Co.*, 97 Pa. 15, 100 Pa. 172; *Matlack v. Mutual Life Ins. Co.*, 180 Pa. 360; *Sporrer v. German R. C. K. of St. George*, 70 Pa. Superior Ct. 612; *Holyland v. Protected Home Circle*, 71 Pa. Superior Ct. 66. However, under the facts of the instant case this principle of law has no application. In the cases cited the funds in the possession of the defendant insurers arose from transactions concerning the very policies sued upon, while here the dividends claimed to be in the hands of the company were the product of separate, distinct and unrelated insurance contracts. This is a most material difference. In a situation of this kind there is no duty to apply such dividends to the payment of the premium of another policy unless there is a right to appropriate them for that purpose: *Girard Life Ins. Co. v. Mutual Life Ins. Co.*, 97 Pa. 15, 27; *Neel v. Heralds of Liberty*, 71 Pa. Superior Ct. 136. The policy in suit does not mention other polices, and gives defendant no right to apply dividends accruing on other policies to the payment of premiums of this policy. It provides in plain terms that only the dividends "accruing upon this policy" are available in payment of the premiums thereon. This is one of four options given to the policyholder for the disposition of dividends when actually declared. If the company had applied dividends earned upon other policies to the pre-

mium upon this particular policy, then properly a question might have arisen whether it had a legal right to do so under the terms of the policies of this decedent. Dividends are declared upon different classes of policies carried by an insured. It might well be of disadvantage to the company or even to the insured automatically to apply the dividends accruing upon a policy of one class to the payment of a premium upon a policy of an entirely different class of insurance. There might be different beneficiaries named in various policies. It seems plain, even in the absence of an express provision, that each policy should stand by itself, separate and distinct from any other policy.

The same argument that plaintiff now makes was rejected by the Superior Court in *Neel v. Heralds of Liberty,* supra. In that case the holder of three benefit certificates issued by the defendant association contended that the association should have applied sums due him on two of the certificates to the payment of his dues on the third certificate, which was in default. Judge PORTER said, (page 140) : "Each of the certificates which this plaintiff held was a distinct and independent contract. The plaintiff was perfectly free to elect which of them he should continue to keep alive and which he would drop. Suppose the company had attempted to apply a part of the amount due the plaintiff upon the certificates, Nos. 633 and 634, to the payment of dues upon the certificate, No. 635, could the plaintiff have recovered it back in his action upon the certificates first named? The true point is the power of the company to make the application, and maintain that position without the consent of the plaintiff. . . . The society could not require him to keep this certificate alive; if he saw fit to permit the certificate to lapse that was his business, the company could not have brought an action against him to recover the dues which he did not care to pay. It follows that this plaintiff could have recovered the full amount due him upon the certificates, Nos. 633 and 634,

even if the company had attempted to apply any part of that fund to the payment of the dues upon this certificate." To the same effect is *Pister v. Keystone Mutual Benefit Assn.*, 3 Pa. Superior Ct. 50, where it was unsuccessfully contended that an insurance company was under a duty to apply wages of an employee to his insurance in order to prevent its lapse.

In addition, the policy in suit gave the insured the right to borrow upon it or to surrender it according to the rates set forth in a table of cash surrender and loan values attached thereto. The policy in question had no cash surrender or loan value by this table prior to the end of the *third* policy year. The loan values set forth in the table for the end of a policy year were available, discounted at six per cent to the insured at any time after the premium for that year had been paid. Relying upon these provisions plaintiff also contends that on March 12, 1933, the decedent had an equity in the policy more than sufficient to pay the premium falling due on that date, and that therefore it was defendant's duty to appropriate that equity to continue the insurance in force. It is sufficient answer to this contention to point out that the policy specifically provides that it shall have a loan value only if the *third* annual premium has been paid, and that it is expressly stated as a condition precedent to automatic extension of the policy that it be in force *three* years from its date. While doubts as to the meaning of an insurance policy are to be resolved in favor of the insured, these clear and unambiguous provisions leave no room for construction; the language of the policy is directly contrary to this contention, and it cannot be construed to mean other than what it says: *Urian v. Scranton Life Ins. Co.*, 310 Pa. 144.

We find no merit in either contention of appellant, and the court below was plainly right in granting a compulsory nonsuit, and in refusing to take it off.

Judgment affirmed.