## Sweeney v. Silberman

*Patrick J. O'Connor*, for plaintiff.
*William V. Coleman*, for defendant.

SAYLOR, J., March 14, 1972.—The parties through counsel have filed an agreed statement of facts and have requested the court to determine the garnishment proceedings without a jury on such statement and the interpretation of the insurance policy issued by defendant Newark Insurance Company to Dial Shoe Company, Inc., on June 5, 1955.

As the result of an automobile collision occurring on June 11, 1955, between a car owned by Albert D. Gordon and operated by Sol Silberman in the course of the business of Dial Shoe Company, Inc., Gordon sustained personal injuries and property damage for which he instituted suit against William O. Sweeney, owner and operator of the other vehicle. Sweeney joined Sol Silberman and Dial Shoe Company (identical with Dial Shoe, Inc.) as additional defendants. That company was joined as an additional defendant on the allegation that the Gordon vehicle was operated by its agent, servant or employe in the course and scope of its employment.

After trial, the jury returned a verdict for $10,000 for plaintiff against Sweeney, Sol Silberman and Dial Shoe Company all being held jointly and severally liable. On February 20, 1959, judgment was entered on the verdict.

The stipulation of facts states that at the time of the accident Albert D. Gordon and Sol Silberman were employes of Dial Shoe Company, Inc., that Sol Silberman was vice president thereof and was operating his vehicle in the course and scope of his employment. The stipulation also states that Gordon was injured while in the course and scope of his employment as a result of the accident arising out of the use of his vehicle in the business of his and Gordon's employer, Dial Shoe Company, Inc.

Gordon accepted payments totalling $1,988.34 under the Pennsylvania Workmen's Compensation Act on the liability of Dial Shoe Company, Inc., from Newark Insurance Company under the Pennsylvania Workmen's Compensation Act.

On February 20, 1959, this judgment was marked to the use of William O. Sweeney, General Fire and Life Assurance Corporation, Dial Shoe Company and Newark Insurance Company. Plaintiff was paid the entire amount of the judgment. Dial Shoe Company and Newark Insurance Company contributed the workmen's compensation payments and Sweeney and General Fire and Life Assurance Company paid the balance amounting to $8,230.16, including interest and costs.

The stipulation of facts also states that Sol Silberman made no contribution to the payment of the judgment and "his insurance carrier, Newark Insurance Company," also refused to pay any part thereof.

The amount involved in this garnishment proceeding is within the monetary policy limits of insurance policy No. NMAOO-87-36 of Newark Insurance Company, a copy of which is attached to the stipulation. Sol Silberman was named in the "Use of other Automobiles — Limited Form" endorsement which was added to the policy.

The sole issue before the court is whether or not the injured plaintiff, Gordon, fell within the coverage of Newark Insurance Company's policy in force at the time of the accident. That defendant, as garnishee, contends that he did not.

Plaintiff's counsel in his brief avers that at the pretrial conference he requested a modification of the stipulation of facts in paragraph 9 thereof to make it read as follows:

"At the time of the accident both Albert Gordon and Sol Silberman were employed by Dial Shoe Company, Inc. . . . ."

In the stipulation the paragraph reads: "At the time of the accident both Albert D. Gordon and Sol Silberman were employees of Dial Shoe Company, Inc." In his brief the garnishee's counsel states: "The Stipulation is complete as attached and no amendment is agreed to."

It is the stipulation as unamended or modified that the court must consider as the statement of facts of the case. It provides that Silberman was vice president of Dial Shoe Co., Inc., and that Gordon was injured in the accident while both men were acting in the course and scope of their employment by that company.

Plaintiff claims that as an employe of Dial Shoe Company he is entitled to recover under Coverage A of Newark's policy under "Bodily Injury Liability." It is the garnishee's contention that Gordon is excluded from coverage by virtue of three separate exclusions in the policy.

First of all, plaintiff bears the burden to show that he has a claim within the coverage: Miller v. Boston Insurance Company, 420 Pa. 566 (1966). Once the affirmative defense to the claim is established by the garnishee by a recital of the exclusion clauses of the policy, plaintiff must show the nonapplicability of the exclusions: Armon v. Aetna Casualty & Surety Co., 369 Pa. 465 (1952). As the fact is that both Gordon and Silberman were employes of Dial at the time of the accident out of which plaintiff's claim rises and as the policy is admitted in evidence, the exclusions therein are applicable. Plaintiff has not successfully borne his burden of showing their nonapplicability to him.

Even though it were to be assumed arguendo that plaintiff has adequately borne this burden, there are in

the insurance policy under which he asserts his rights, precise provisions which deny him the recovery he seeks.

Under "III Definition of Insured" on page 2 of the policy, the omnibus clause, it is stated that the insurance with respect to any person or organization other than the named insured does not apply "(c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer."

The "named insured" is Dial Shoe Company; clearly the omnibus clause was not intended to give that company's employe the right to recover under the policy in a suit against another employe. The exclusion clause above recited applies here because Gordon's injury arose out of the course and scope of his employment by the named insured and both Gordon and Silberman were admittedly, under the stipulation of facts, employed by the same employer.

Moreover, in the endorsement to the policy, page 5, there appears the same paragraph under "Exclusions." Thereby the insurer restricted the coverage of its policy. It said in its contract that where the person sued (Silberman) and the person injured (Gordon) were fellow employes at the time of the accident out of which the claim arises, there can be no recovery under the policy because it does not provide coverage for injuries to an employe laid at the door of a fellow employe.

Furthermore "Coverage A — Bodily Injury Liability" (page 2 of the policy) is limited by the "Exclusion" on the same page reading "This policy does not apply: (b) Under Coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising

out of and in the course of (1) domestic employment by the insured if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured." The unqualified word "insured" includes the "named insured": 1 Long, The Law of Liability Insurance, §6.10 (1971).

In summary, Gordon was an employe of Dial Shoe Company, the named insured, he was injured during the course of his employment and he is not afforded coverage under the insurance policy because the injury was sustained due to the negligence of a fellow employe.

Plaintiff contends that there is ambiguity in the language of the policy and because of that its terms must be strictly interpreted or construed against the insurer. There is no ambiguity in the language of the several provisions of the garnishee's contract above quoted: Judge v. Prudential Insurance Company of America, 321 Pa. 454 (1936). It means what it so clearly says.

The fact that had Gordon's wife been driving the car involved in the accident she could have recovered under the policy is not helpful to plaintiff. It creates no ambiguity. The policy clearly excludes from its coverage the claim of an employe of the insured on the liability portion of the coverage. Silberman, the fellow-employe, having been the driver, Gordon's claim was one for workmen's compensation. In fact, Gordon made such a claim and secured recovery therefor.

The garnishee is not liable to General Accident Fire and Life Insurance Company for the sum of $4,115.08 which it claims.

Judgment is entered in favor of Newark Insurance Company, garnishee, and against the use-plaintiffs.