### Dunn v. Sarro

*Allen L. Feingold,* for plaintiff.
*Harry J. Bradley,* for defendant.

SEMERARO, *J.,* July 9, 1984 — This action is in trespass to recover for injuries received by Darin Dunn, a minor, when involved in a single-car automobile accident in which defendant, John J. Sarro, Jr., was driving the automobile in which said plaintiff was a passenger. The complaint was brought by plaintiff minor's mother and natural guardian, Shirley Dunn. In an additional count Shirley Dunn also seeks damages in her own right from defendant for her deprivation of the services, society, companionship, and resulting mental anguish arising from the injuries sustained by her minor child in the accident in question.

Plaintiff minor's claim for damages was settled for $15,000, being the represented policy limits for each person under defendant's insurance coverage. Plaintiff Shirley Dunn contends that she is entitled to recover from defendant (his insurance carrier) independent of the claim of the injured minor plaintiff.

Our order of May 22, 1984, holds Shirley Dunn subject to the single person limit on liability already paid in full under the injury to the minor plaintiff. They appealed, hence this opinion.

The issue is whether the minor plaintiff's mother, Shirley Dunn, has a legal claim in her own right under Allstate's no-fault insurance policy over and above the $15,000 policy limits accepted by her son, Darin Dunn, in full settlement of his claim against defendant.

The policy affording coverage to plaintiffs defines the limits of liability for bodily injury as follows:

"The limits shown on the declarations page are the maximum we will pay for any single auto acci-

dent. The limit stated for each person for bodily injury, sickness, disease or death sustained by one person in any one occurrence. The occurrence limit is our total limit of liability for all legal damages for bodily injury sustained by two or more persons in any one occurrence." Pg. 5.

An insurance policy, like every other type of contract, cannot be construed to mean otherwise than what it clearly says. Judge v. Prudential Insurance Co., 321 Pa. 454, 184 Atl. 543 (1936). In the instant case, the insurance policy clearly states that its per person limit of $15,000 is "for bodily injury . . . sustained by one person in any one occurrence."

There was one bodily injury suffered by plaintiff minor. The mother's derivative claim for loss of services, companionship, etc., arise from that single bodily injury. The factor which determines the liability is the number of persons injured and not the number of persons adversely affected as a result of the (plaintiff minor's) injury. The law of Pennsylvania, like the law of other jurisdictions, is very clear that derivative claims do not constitute separate claims for purposes of applying policy limitations in automobile liability policies. Chicago Insurance Co. v. Pacific Indemnity Co., 566 F. Supp. 954 (1982) (E.D., Pa.).

By reson of the aforesaid we entered our order stating that plaintiff Shirley Dunn has no rights in the insurance coverage protecting defendant John J. Sarro Jr., beyond that which has been already paid.